**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| AMERIS BANK<br><br>*Plaintiff*,<br><br>v.<br><br>EDWARD VAUGHAN and COASTAL STATES BANK<br><br>*Defendants*. | Case No. 2:26-cv-01558-RMG |

**PLAINTIFF AMERIS BANK'S MOTION AND
SUPPORTING MEMORANDUM FOR VOLUNTARY DISMISSAL**

Plaintiff Ameris Bank ("Ameris") hereby brings this motion pursuant to Rule 41(a) of the Federal Rules of Civil Procedure to dismiss this action *without prejudice*. Ameris conferred with Defendants who consent to the voluntary dismissal of the action without prejudice. In support of its motion, Ameris states as follows:

This case arises out of Defendant Edward Vaughan's departure from Ameris on January 5, 2026. Pursuant to a Confidential Information Agreement (the "Agreement") he signed as a condition of employment with Ameris, Mr. Vaughan is subject to certain restrictive covenants including a prohibition from soliciting or attempting to solicit customers of Ameris with whom he had material contact within the prior twelve months. After leaving Ameris, Mr. Vaughan joined Coastal States Bank. Mr. Vaughan's non-solicitation period ends on January 4, 2027.

Ameris filed a Verified Complaint on April 15, 2026 alleging that Mr. Vaughan had solicited or attempted to solicit Ameris customers and asserting claims against Mr. Vaughan and Coastal States. (ECF No. 1.) On April 28, 2026, Ameris filed a motion for preliminary

injunction seeking injunctive relief preventing, among other things, Mr. Vaughan from solicitation of Ameris customers.  (ECF No. 9.)  On June 24, 2026, the Court denied Ameris's motion for preliminary injunction, holding that Ameris "failed to clearly show that it is likely to suffer irreparable harm absent preliminary relief."  (ECF 33 at 7.) [1]

In light of the Court's decision, and the approaching end of Mr. Vaughan's non-solicitation period, Ameris hereby moves the Court for an order that this action be voluntarily dismissed *without prejudice*, concluding the litigation without materially burdening the parties. Litigating the merits of the claims would likely continue well beyond the expiration of the non-solicitation period, potentially mooting some portion of the claims, and require expenditure of significant resources for the parties.

The voluntary dismissal of a civil action is governed by Federal Rule of Civil Procedure 41(a). Because Defendants have answered the complaint, Ameris moves pursuant to Rule 41(a)(2) but notes that there is no objection to dismissal without prejudice.  Whether to grant a voluntary dismissal under the terms a plaintiff requests lies within the sound discretion of the Court.  *Tefal v. Regal Ware, Inc.*, 172 F.3d 864 (4th Cir. 1998).  A Rule 41(a)(2) motion "should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

This case remains in its early stages.  No discovery has been conducted, and there has been limited motion practice focused on two issues, both of which have now been resolved.  The parties have thus not expended significant resources in discovery, dispositive motions, or

---

[1] Ameris expressly reserves the right to re-file this action only if Coastal States acquires the business of an Ameris customer through solicitation or attempted solicitation by Mr. Vaughan, or otherwise harms its goodwill or reputation.  Absent the ability to re-file the action, Ameris may be unable to enforce its valid Agreement should there be additional violative conduct before January 4, 2027.

preparation for trial, which weighs heavily in favor of voluntary dismissal. *See ADP Dealer Servs. Grp. v. Welborne Auto., Inc.*, 2011 WL 677366, at *3 (W.D.N.C. Feb. 16, 2011) ("Courts typically only deny a motion due to 'plain legal prejudice' if litigation is in the advanced stage of the proceedings and the defendant has already incurred substantial costs in discovery."); *Bernath v. Extreme Seal Experience LLC*, 2017 WL 3267664, *1 (E.D.Va. 2017) ("at this early stage in which (1) discovery is ongoing, (2) neither side has suffered the expense of depositions or expert testimony and (3) Defendants have not filed a motion for summary judgment, dismissal would further such interests.") (internal quotation marks omitted). Voluntary dismissal here is thus in the interests of justice and will not cause substantial prejudice to any party.

<b><u>CONCLUSION</u></b>

Plaintiff respectfully requests that this Court enter an order dismissing this action without prejudice pursuant to Rule 41(a)(2).

Dated: June 29, 2026.                                  Respectfully submitted,

**AKERMAN LLP**

*By:*     */s/ Amy Errichiello*
Amy Errichiello (ID No. 14720)
Samuel G. Mann (admitted *pro hac vice*)
amy.errichiello@akerman.com
samuel.mann@akerman.com
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Tel: (704) 625-7700
Fax: (704) 625-0300

*Attorneys for Plaintiff Ameris Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *PLAINTIFF AMERIS BANK'S MOTION FOR VOLUNTARY DISMISSAL* with the Clerk of the Court using the CM/ECF system, and served on all counsel of record via the Court's CM/ECF system.

This 29th day of June, 2026.

**AKERMAN LLP**

*/s/ Amy Errichiello*
Amy Errichiello (ID No. 14720)
101 South Tryon Street, Suite 1910
Charlotte, NC 28280
Tel: (704) 625-7700
amy.errichiello@akerman.com

*Attorney for Plaintiff Ameris Bank*

- 4 -